United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD L. TURNER,

    Plaintiff,

  v.

GRAY DAVIS; et al.,

    Defendants.
                                    /

No. C 06-7413 MHP (pr)

**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**

      Edward L. Turner, a prisoner currently incarcerated at the state prison in Corcoran, California, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

      For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word

1   "malicious" refers to a case "filed with the 'intention or desire to harm another.'" <u>Andrews v.</u>
2   <u>King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these
3   three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Turner
4   has filed many cases, of which none apparently were successful, does not alone warrant
5   dismissal under § 1915(g). <u>See id.</u> Rather, dismissal of an action under § 1915(g) should
6   only occur when, "after careful evaluation of the order dismissing an [earlier] action, and
7   other relevant information, the district court determines that the action was dismissed
8   because it was frivolous, malicious or failed to state a claim." <u>Id.</u>

9   <u>Andrews</u> requires that the prisoner be given notice of the potential applicability of
10   § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear
11   the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. <u>Id.</u>
12   <u>Andrews</u> implicitly allows the court to <u>sua sponte</u> raise the § 1915(g) problem, but requires
13   the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g)
14   dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing
15   the action. <u>See id.</u> at 1120. A dismissal under § 1915(g) means that a prisoner cannot
16   proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he
17   pays the full filing fee at the outset of the action.

18   A review of the dismissal orders in Turner's prior prisoner actions in this court reveals
19   that Turner has had at least three such cases dismissed on the ground that they were
20   frivolous, malicious, or failed to state a claim upon which relief may be granted. Turner is
21   now given notice that the court believes the following dismissals may be counted as
22   dismissals for purposes of § 1915(g): (1) <u>Turner v. Contra Costa County</u>, N. D. Cal. Case No.
23   C 97-3015 MHP (civil rights action dismissed because the claims did not state a claim upon
24   which relief may be granted); (2) <u>Turner v. Coleman</u>, N. D. Cal. Case No. C 02-5731 MHP
25   (civil rights action dismissed for failure to state a claim upon which relief may be granted);
26   and (3) <u>Turner v. Coleman</u>, N. D. Cal. Case No. C 06-491 MHP (civil rights action dismissed
27   for failure to state a claim and because it was malicious and frivolous). The court made its
28   evaluation of these cases based on the dismissal orders in them. <u>See</u> <u>Andrews</u>, 398 F.3d at

2

1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these dismissals, and because Turner does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **January 31, 2007** why in forma pauperis should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why this action should not be dismissed, Turner may avoid dismissal by paying the full $350.00 filing fee by the deadline.

IT IS SO ORDERED.

Dated: December 21, 2006

_____
Marilyn Hall Patel
United States District Judge